JONATHAN D. BRADLEY and WIFE *vs.* JUSTUS NORRIS, admin-
istrator of BENJAMIN NORRIS.

A bill brought to foreclose the equity of redemption of mortgaged premises is not with-
in the prohibition of the 58th section of the act relative to " Probate courts and set-
tlement of estates," which section provides, *that no action shall be commenced
against any executor or administrator to recover for any debt or legacy until the ex-
piration of the time allowed for the payment of the same.*

This bill was brought to foreclose the equity of redemption in
certain mortgaged premises, conveyed by the intestate to the
plaintiffs to secure the payment of a sum of money.    *Shaw*, soli-
citor for the defendant, moved to dismiss the bill, on the ground
that the defendant was allowed, by the probate court, one year
from the time of taking upon himself the trust of administrator, to
pay the debts of the intestate, which had not elapsed, and that the
statute, *( Comp. Stat. p.* 344, *s.* 58,*)* prohibited any action against
the administrator until after the expiration of that time.

*J. Mattocks, for the plaintiffs.*

PRENTISS, Chancellor.—The section of the statute relied upon,
in support of the motion, is applicable to actions brought directly
for the recovery of debts or legacies, and was enacted to prevent
suits of that description, against an executor or administrator, un-
til he has had time to convert the assets into money.    But the
proceeding in this case is not properly an action for the recovery

WW

CALEDONIA,
March,
1830.

Bradley et ux.
*vs.*
Norris, admr.
of a debt ; no judgement can be rendered, or any execution had, against the administrator for the debt. The object of the bill is to foreclose the equity of redemption in the mortgaged premises ; and the bill is in the nature of a proceeding *in rem*, as much so as an action of ejectment on the mortgage, which is clearly not within the statute. The 97th section of the same statute declares that no action shall be commenced against any executor or administrator, after the estate is represented insolvent ; but this provision has never been construed to extend to an action of ejectment or a bill of foreclosure. The mortgaged premises may be insufficient security for the debt, and the administrator may not, and certainly in such case would not, redeem. If, however, the premises are in fact ample security, so that it becomes the duty of the administrator to redeem, the Court, in decreeing a foreclosure, will undoubtedly give such time, as the circumstances of the estate may require to raise money for the purpose of redeeming, whether it be one year or more.

Motion overruled.